Argued November 17, 1977, affirmed April 3, 1978

STATE ex rel STEVENSON, *Respondent,*
*v.*
KENNETH D. RUTHERFORD, INC.,
*Appellant.*
(No. 165246, CA 8721)
576 P2d 808

William B. Wyllie, Salem, argued the cause and filed the brief for appellant.

Kent B. Thurber, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Buttler, Judges.

LEE, J.

**LEE, J.**

Plaintiff is the statutory assignee of Margaret Welter in this wage claim for unpaid vacation pay and penalty against the defendant. Trial before a jury resulted in a verdict for plaintiff, and the only issue on appeal is whether the trial judge erred in giving a jury instruction regarding the right of an employee to vacation pay.

Welter was employed by defendant in March, 1968; she did not have a written employment contract; she quit work in May, 1976; she had accrued two weeks of paid vacation at that time; she was not offered an opportunity to take a vacation; she was given no vacation pay when she quit.

Defendant's principal stockholder, Kenneth Rutherford, testified that a written policy governing vacation pay was posted on the wall of the store office which Welter used while she was employed. As evidence of this fact, defendant introduced a document which stated in part that, "vacation pay cannot be paid in lieu of taking the vacation." Rutherford testified further that under that vacation policy an employee who quits loses any accrued vacation.

Welter and two other former employees of defendant each testified that there was no vacation policy document posted in the store office; that the vacation policy of which they were aware was that employees were entitled to one week of paid vacation after the first year of work and two weeks of paid vacation per year thereafter and that they had each been verbally informed of that policy.

Defendant contends that the instruction which the trial judge gave to the jury was erroneous and misleading. The contested instruction is as follows:

"By continuing in employment, an employee is contractually entitled to either paid vacations or vacation pay in accordance with the contract of hire. An employee is not bound by the terms of a vacation policy or plan

when the existence and the contents of that policy or plan are not made known to that employee."

■ In *Sabin v. Willamette Western Corp.,* 276 Or 1083, 557 P2d 1344 (1976), as here, an employee accepted employment without any agreement as to vacation pay. Later, the employee heard that each employee would accrue two weeks of vacation for each year of work. In *Sabin* the employer testified that employees who were terminated lost their vacation as a matter of company policy. In *Sabin* the court discussed an employee's right to vacation pay and stated:

"* * * By continuing in employment * * * an employee is entitled, as a matter of contract, to either paid vacations or vacation pay in accordance with the policy or plan on that subject as established by his employer when the employee knows of that policy or plan and also in accordance with his 'reasonable expectations' based upon promises made to him by his employer." (Footnotes deleted.) 276 Or at 1089.

In applying these principles, the court held that since there was evidence that the employee was not aware of the employer's policy that employees lose vacation pay when terminated, the employee was not bound by that policy. Thus the law in *Sabin* demonstrates that the contested instruction in the present case is not erroneous: *i.e.,* an employee is entitled to whatever vacation pay his employment contract provides, but he is not bound by a vacation policy which is not made known to him.

■ Defendant also asserts that the contested instruction may have misled the jury into believing that plaintiff was entitled to vacation pay simply because she continued in her employment. Defendant concedes that the instruction includes the qualifying phrase "in accordance with the contract of hire" but contends that this is not an adequate explanation. In *Waterway Terminals v. P. S. Lord,* 256 Or 361, 474 P2d 309 (1970), the court said

"* * * cases should not be reversed upon instructions, despite technical imperfections, unless the appellate

court can fairly say that the instruction probably created an erroneous impression of the law in the minds of the jurymen which affected the outcome of the case." 256 Or at 370.

Although the instruction was an inartful paraphrase of the rule in *Sabin,* in view of the fact that the main conflict in the testimony was whether the employee had knowledge of defendant's vacation policy and its terms, we fail to see how the jury could have been misled.

Affirmed.